UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSETTE PEYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV00216 AGF |
| | ) | |
| AT&T SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This employment discrimination action is before the Court on Defendant AT&T Services, Inc.'s motion to dismiss certain claims in Count I of Plaintiff Josette Peyton's complaint due to her failure to exhaust administrative remedies as to those claims. Defendant also seeks dismissal of Count II which is brought under the Rehabilitation Act of 1973. For the reasons set forth below, the motion shall be granted.

**BACKGROUND**

Plaintiff was employed by Defendant as a senior records clerk from October 2000 until February 2012, when she was discharged. On August 2, 2012, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), checking the boxes on the form for discrimination based on race, gender, retaliation, and disability. In narrative format, she alleged the following:

> I was hired with Respondent in October 2000. In or about 2003, I sustained an on-the-job injury, with permanent damage. In or about December 2010, I requested a reasonable accommodation, ergonomically correct keyboard and an adjusted work schedule, which was partially granted. However,

> Respondent denied my requested work schedule and continued to move my work station but failed to move my keyboard tray.
>
> I believe I was denied reasonable accommodation because of my disability, in violation of American with Disabilities Act of 1991, as amended, as well as all additional statements Complainant gave in her Questionnaire and subsequent Investigation by the EEOC.

(Doc. No. 5-1.)[1]

The only section on her Intake Questionnaire, also dated August 2, 2012, in which Plaintiff included comments was the section asking whether she was claiming discrimination based upon disability. In this section Plaintiff wrote that in February 2011 she requested a work schedule change to accommodate therapy and the request was denied. Plaintiff did not check any of the boxes on this form indicating the reason(s) for her claim of employment discrimination, including race, sex, and retaliation. (Doc. No. 5-2.) On November 7, 2012, the EEOC issued a Notice of Right to Sue, stating that the agency was unlikely to complete its investigation within 180 days from the filing of the charge and so was terminating its process thereof.

Plaintiff filed this lawsuit on February 1, 2013, setting forth two counts of employment discrimination. In Count I, she asserts gender, race, and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and under the Americans with Disabilities Act ("ADA"). She alleges that she was subjected to different employment standards than white, male, non-disabled employees, and to a workplace "permeated with discriminatory intimidation, ridicule." She further alleges that she told

---

1 The name of Plaintiff's attorney in the present lawsuit appears as the notary on the EEOC form.

her supervisors about her disabilities (including lumbar spondylosis and major depression) and medical restrictions, but Defendant failed to provide her with reasonable accommodations. She alleges that instead, Defendant responded by giving easier work duties to other employees "of other races, gender and health" and demanded that Plaintiff perform certain work duties "as a way to punish [her]." In Count II, Plaintiff asserts that Defendant violated her rights under the Rehabilitation Act of 1973.

Defendant argues that the claims in Count I other than disability discrimination and retaliation under the ADA should be dismissed based upon Plaintiff's failure to exhaust her administrative remedies and to the non-ADA claims. Defendant argues that Count II is subject to dismissal because the Rehabilitation Act of 1973 only applies to entities that receive federal funding.

Plaintiff responds that the EEOC charge should be read liberally to include all claims asserted in the complaint, especially as Plaintiff had no legal assistance in filing the charge. Plaintiff also argues that the Court may not consider the EEOC charge and Intake Questionnaire on a motion to dismiss. Plaintiff does not address Defendant's argument regarding the Rehabilitation Act of 1973.

## **DISCUSSION**

Before bringing discrimination claims, a Title VII plaintiff must exhaust available administrative remedies, by bringing her claims to the EEOC. "[T]he administrative complaint must be construed liberally" and "a plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631

(8th Cir. 2000). The Courts "do not require that subsequently-filed lawsuits mirror the administrative charges," however, "the sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1024-25 (8th Cir. 2004), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (en banc). "Although charges of discrimination filed by pro se litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised." *Pointer v. Mo. Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir. 2004).

Plaintiff is correct that when "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss, the motion "shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b)(6). However, extraneous materials, including items "necessarily embraced by the pleadings," such as an EEOC charge and Intake Questionnaire, may be considered without converting the motion to one for summary judgment. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) ("An EEOC charge is part of the public record, and thus the motion to dismiss was not converted to one for summary judgment by the attachment of a copy of the EEOC charge."); *Ries v. Winona County*, No. 10-1715 (JNE/JJK), 2010 WL 3515722, at *3 (D. Minn. July 28, 2010) (same as to EEOC Intake Questionnaire); *Turner v. Altivity Packaging, L.L.C.*, No. 4:07-CV-1642 (CEJ), 2008 WL 80648, at *1 (E.D. Mo. Jan. 7, 2008).

The Court agrees with Defendant that Plaintiff's claims of gender and race discrimination, harassment, and retaliation were not within the scope of her EEOC charge,

4

even giving the charge a liberal construction. Although the Eighth Circuit has not ruled on this precise issue, the Court believes that where, as here, the EEOC charge is bereft of any allusion to allegations of race or sex discrimination, merely checking off the box of "race" or "sex" on the EEOC charge is insufficient to exhaust it as a claim. *See McCutchen v. Sunoco, Inc.*, No. CIV.A. 01–2788, 2002 WL 1896586, at *2-3 (E.D. Pa. Aug. 16, 2002) ("[W]here the EEOC charge is bereft of any allusion to allegations of racial discrimination, merely checking off the box of 'race' on the EEOC charge is insufficient to exhaust it as a claim."); *Allen v. St. Cabrini Nursing Home, Inc.*, No. 00 CIV 8558 CM, 2001 WL 286788, at *3-4 (S.D.N.Y. March 9, 2001) (same); *Mohan v. AT&T Co.*, No. 97 C 7067, 1999 WL 495113, at *10 (N.D. Ill. June 30, 1999).

The Court agrees with these district courts that merely checking a box - without more - does not fulfill the administrative purposes that a charge with the EEOC is designed to serve. *See Mohan*, 1999 WL 495113, at *10. This is especially true here, where on the Intake Questionnaire filed on the same day as the charge of discrimination, Plaintiff did not even check the boxes for the claims Defendant now seeks to dismiss.

As Defendants argue, the Rehabilitation Act of 1973 only applies to a "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986). Here there is no allegation that Defendant fits this profile; nor does Plaintiff so argue in opposition to the motion to dismiss Count II.

5

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's claims for discrimination, harassment, and/or retaliation, based upon race or gender, and Plaintiff's claim for violation of the Rehabilitation Act, is **GRANTED**. (Doc. No. 5).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2013.